IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

**TEXAS-AMARILLO DIVISION**

| | | |
|---|---|---|
| Marcus A. Murphy, | § | |
| *Pro Se* Plaintiff | § | |
| | § | |
| v. | § | Civil Action No.: **2 - 20 CV - 2 2 - Z** |
| | § | |
| Arturo Hernandez, Dustin Sisneros, | § | |
| & Cable One, Inc./Sparklight, | § | |
| Defendants | § | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

DEC - 9 2020

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## CIVIL COMPLAINT FOR COMPENSATORY DAMAGES

### I. Introduction

(¶ **1.**) Here comes now Marcus A. Murphy, *Pro Se* Plaintiff, and offers this Civil-Complaint for Compensatory-Damages against Arturo Hernandez, Dustin Sisneros, & Cable One, Inc./Sparklight, Defendants. Plaintiff-Murphy is a resident/citizen of Colorado; and Defendants-Hernandez & Sisneros are residents/citizens of Texas, & Defendant Cable-One/Sparklight is a corporate resident/citizen of Arizona. This diversity-jurisdiction (28 USC § 1332) Civil-Complaint alleges Present & Future Monetary-Damages suffered by Plaintiff and caused by Defendants.

### A.Plaintiff-Information

(¶ **2.**) Marcus Allen Murphy, 5795 Southmoor Dr Lot 53, Fountain, CO 80817, (720) 256-0991, MarcusMurphy1975@hotmail.com, County of Residence: El Paso, Attorney: N/A-*Pro Se*. Plaintiff, Marcus Allen Murphy, has resided at 5795 Southmoor Dr Lot 53, Fountain, CO 80817, since August of 2016.

### B. Defendant-Information

(¶ **3.**) Arturo Hernandez, 304 Garrett St., Borger, TX 79007, Phone #: Unknown, e-mail: Unknown, County of Residence: Hutchinson, Attorney: Unknown.

Dustin Sisneros, 302 Garrett St., Borger, TX 79007, Phone #: Unknown, e-mail: Unknown, County of Residence: Hutchinson, Attorney: Unknown.

Cable One, Inc./Sparklight, 210 E Earll Dr, Phoenix, AZ 85012, County of Residence: Maricopa, Attorney: Unknown.

### C. Nature of Suit

(¶ **4.**) The nature of this suit is Torts 360-Other Personal-Injury, under Texas-State Common-Law and Case-Law, per the attached JS 44-Civil Cover Sheet, *supra*.

### D. Origin

(¶ 5.) The origin of this suit is as an Original-Proceeding.

### E. Cause of Action

(¶ 6.) The causes of action that this suit arises are under Texas-State Common-Law and Case-Law: Trespassing and Intentional-Infliction of Emotional-Distress (I.I.E.D.).

### F. Requested in Complaint

(¶ 7.) The relief requested in this complaint is for Nominal, Incidental, Consequential, & Punitive Damages, both Present & Future, in the form of monetary-compensation; to be factually-determined by a Jury.

## II. Jurisdiction

(¶ 8.) Plaintiff claims federal Diversity-Jurisdiction under 28 USC § 1332. This court has federal diversity-jurisdiction pursuant to 28 USC § 1332, because Plaintiff-Murphy is a resident/citizen of Colorado; and Defendants-Hernandez & Sisneros are residents/citizens of Texas, & Defendant Cable-One/Sparklight is a corporate resident/citizen of Arizona. Federal diversity-jurisdiction is also appropriate, because this action is brought pursuant to 28 USC § 1332, alleging at least $75,000 in monetary-damages suffered, as the amount in controversy.

This court is authorized to issue the requested monetary-relief pursuant to Texas-State Common-Law and Case-Law. Subject-Matter Jurisdiction is established by this court over the Defendants, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. *See* 28 USC § 1332 (a)(1). Personal-Jurisdiction is established by this court over the defendants, because Defendants-Hernandez & Sisneros reside in the Northern District of Texas. Borger is a city in Hutchinson-county, and Hutchinson-county is located in the Northern District of Texas. In addition, all of the events that give rise to Plaintiff's claims occurred within the Northern District of Texas. Furthermore, Defendant Cable-One/Sparklight has sufficient minimum-contacts with the forum-State of Texas so as to comply with the "traditional-conception of fair-play and substantial-justice." *See International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945). It is unfair for a court to assert jurisdiction over a party unless that party's contacts with the State in which that court sits are such that the party "reasonably-expect[s] to be haled into court" in that State. This jurisdiction must "not offend traditional-notions of fair-play and substantial-justice." A non-resident defendant may have minimum-contacts with the forum-State if they 1) have direct-contact with the State; 2) have a contract with a resident of the State; 3) have placed their product into the stream of commerce such that it reaches the forum-State; 4) seek to serve residents of the forum-State; 5) have satisfied the *Calder* effects-test; or 6) have a non-passive website viewed within the forum-State. *See also McGee v. International Life Insurance Co.*, 355 U.S. 220 (1957); *World-Wide Volkswagen Corp. v. Woodson*, 222 U.S. 286 (1980); and *Calder v. Jones*, 465 U.S. 783 (1984). It is respectfully submitted, that in Plaintiff's professional legal-opinion, as an asserted-fact: Defendant Cable-One/Sparklight has 1) direct-contact with the State of Texas, 2) has a contract with a resident of the State of Texas, 3) has placed its product into the stream of commerce such

that it reaches the forum-State of Texas, 4) seeks to serve residents of the forum-State of Texas, 5) has satisfied the *Calder* Effects-Test by causing harm within the State of Texas, and/or 6) has a non-passive website viewed within the forum-State of Texas. Venue is proper in this court, because Defendants-Hernandez & Sisneros reside in the Northern District of Texas. Borger is a city in Hutchinson-county, and Hutchinson-county is located in the Northern District of Texas. In addition, all of the events that give rise to Plaintiff's claims occurred within the Northern District of Texas. *See* 28 USC § 1391 (b)(2). 28 USC § 1391(a), (b)(2), & (c)-Venue generally, provides that: "(a) Applicability of Section.-Except as otherwise provided by law- (1) this section shall govern the venue of all civil-actions brought in district-courts of the United States; and (2) the proper-venue for a civil-action shall be determined without regard to whether the action is local or transitory in nature. (b) Venue in General.-A civil-action may be brought in- (1) a judicial-district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial-district in which a substantial part of the events or omissions giving rise to the claim occurred, .... (c) Residency.-For all venue purposes- (1) a natural-person, ..., shall be deemed to reside in the judicial-district in which that person is domiciled; ...." *See* 28 USC § 1391(b)(1).

## III. Claims

**(Count I) (¶ 9.) A. Claim Relating to Trespassing-**Texas State-law recognizes a cause of action for trespass to real-property. Trespass to real-property is an unauthorized-entry upon the land of another, and may occur when one enters, or causes something to enter, another's property. *Barnes v. Mathis*, 353 S.W.3d 760, 763 (Tex. 2011). There are three elements to a

trespass cause of action: (1) entry (2) onto the property of another (3) without the property

owner's consent or authorization. *Envtl. Processing Sys., L.C. v. FPL Farming Ltd.*, No. 12-

0905, 2015 Tex. LEXIS 113, at *10 (Tex. February 7, 2015). It is the Plaintiff's burden to prove

that the entry was wrongful, and the Plaintiff must do so by establishing that entry was

unauthorized or without his consent. *Id.* at *24. As to standing, the claim for injury to real-

property is a personal-right, which belongs to the person who owned the property at the time of

the injury. *See Gleason v. Taub*, 180 S.W.3d 711, 713 (Tex. App.- Fort Worth 2005, pet. denied).

Absent an express-provision, the right to sue for trespass does not pass to a subsequent-

purchaser. *Id.* Trespass-damages are determined by whether the trespass-injury to the land is

permanent or temporary. *Gilbert Wheeler, Inc. v. Enbridge Pipelines* (E. Tex.), L.P., 57 Tex.

Sup. J. 1465, 2014 LEXIS 767, *11 (August 29, 2014). The general-rule is that in cases

involving permanent-injury to real-property: the measure of damages is the loss of fair-market

value, while the cost to repair or restore is the proper-measure in temporary nuisance-cases. *Id.*

Although, in cases of temporary-injury, when the cost to repair or restore exceeds the diminution

in the property's market-value to such a high-degree that the repairs are no longer economically-

feasible, then the injury may be deemed permanent; and damages are awarded only for the loss

of market-value. *Id.* Actions for trespass to real-property claims are governed by a two-year

statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2002*); Graham v.

Pirkey*, 212 S.W.3d 507, 512 (Tex. App.- -Austin 2006, no pet.). When the two-year period

begins to accrue depends on whether the trespass was temporary or permanent in character. *See

Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 274-75 (Tex. 2004) (stating accrual of

limitations is a question of law). The Texas Supreme-Court has determined that "an injury to

real-property is considered permanent if (a) it cannot be repaired, fixed, or restored, or (b) even

though the injury can be repaired, fixed, or restored, it is substantially-certain that the injury will repeatedly, continually, and regularly recur, such that future-injury can be reasonably evaluated." *Gilbert Wheeler, Inc. v. Enbridge Pipelines (E. Tex.), L.P.*, 57 Tex. Sup. J. 1465, 2014 LEXIS 767, \*11 (August 29, 2014). Conversely, an injury to real-property is considered temporary if (a) it can be repaired, fixed, or restored, and (b) any anticipated-recurrence would be only occasional, irregular, intermittent, and not reasonably-predictable, such that future-injury could not be estimated with reasonable-certainty." *Id.* Whether an injury is permanent or temporary is a question of law for the court to decide. *Id.* at \*10.

(¶ 10.) 1.**Allegations**-Plaintiff-Murphy incorporates paragraphs 1-8 as if fully stated herein. On the evening of Sun., Dec. 9, 2018 (12-9-18) at Plaintiff's secondary-residence, 307 Garrett St, Borger, TX  79007; Plaintiff-Murphy suffered a wrongful, unauthorized Temporary-Trespass by Defendant Cable-One/Sparklight's off-duty employee, Defendant-Hernandez, & Defendant-Sisneros, who (1) entered (2) the property of Plaintiff (3) without the Plaintiff's (*i.e.*, property-owner) consent or authorization. On the evening of Sun., Dec. 9, 2018 (12-9-18) around 7 p.m., Plaintiff-Murphy, a uniformed Correctional-Officer 3 (TDCJ-COIII), saw Defendant-Hernandez' white Cable-One pickup-truck parked as usual in front of Mr. Hernandez' house located at 304 Garrett St, Borger, TX  79007, across from Plaintiff's secondary-residence. Plaintiff-Murphy noticed a loud football-party across the street at 304 Garrett St., Borger, TX 79007, including a car parked on his curb. About 15 min. later, Plaintiff-Murphy saw a man urinating on the bush in his front-yard. Plaintiff-Murphy called a noise-complaint, and the BPD arrived and asked the party-goers to move their car and keep the noise down. About two-hours later, towards the end of the game (TV-SNF), the man who lives at 302

Garrett St. marched up Plaintiff-Murphy's drive-way, presumably intoxicated, and began kicking & pounding on Plaintiff-Murphy's front-door saying, "Murphy, get your ass out here, I'm gonna kill you!" Plaintiff-Murphy frantically called 911 again, and the BPD arrived & interviewed everyone. Plaintiff-Murphy was so alarmed, because this man (Hispanic-male, 6' 200#, shaved-head, 30's) had never been a guest at Plaintiff-Murphy's secondary-residence here in Borger. Plaintiff-Murphy has previously & subsequently seen Defendant-Hernandez driving a white Cable-One pickup-truck. Defendants-Hernandez & Sisneros were trespassing on Plaintiff's driveway. Although Plaintiff-Murphy was a Texas Correctional-Officer (*i.e.*, TDCJ-COIV), who was in uniform at home; Defendant-Hernandez was not a uniformed security-officer for Defendant Cable-One/Sparklight. As Defendant Cable-One/Sparklight's apparent-agent acting, under color of authority, with Defendant Cable-One/Sparklight's company-truck & clothing, Plaintiff-Murphy respectfully submits, in his professional legal-opinion, as a factual-assertion that Defendant Cable-One/Sparklight is vicariously-liable, per the legal-doctrine of *Respondeat Superior*, for Trespassing. Therefore, it is respectfully-submitted in Plaintiff's professional legal-opinion as a factual-assertion that: Defendants made Wrongful-Entry, as a Temporary-Nuisance, onto Plaintiff-Murphy's Property without Consent or Authorization. Furthermore, it is respectfully-submitted in his professional legal-opinion as a factual-assertion that Plaintiff-Murphy was the sole-owner of the Property at the time, and hereby asserts his personal-right to complain.

           (¶ 11.) **2. Request for Relief-**Wherefore, Plaintiff, Marcus A. Murphy, demands of Defendants, Compensatory-Relief, and any other relief the court deems appropriate, on this one individual-claim. This Civil-Complaint seeks compensation for Nominal, Incidental,

Consequential, and Punitive Damages. Nominal-Damages (*e.g., Actus Reus*-the bad-act itself/ Non-economic [Specific]: [$1.00]), suffered by Plaintiff-Murphy and caused by Defendants, are in the sum-total amount of one dollar ($1.00). Incidental-Damages (*e.g.*, Related to the incident itself/Economic [General]: Past Mental-Anguish/Pain & Suffering [$10,000.00], suffered by Plaintiff-Murphy and caused by Defendants, are in the sum-total amount of ten-thousand dollars & no cents ($10,000.00). Consequential-Damages (*e.g.*, As a consequence of the bad act/Non-economic [Specific]: Future Mental-Anguish/Pain & Suffering [*i.e.*, Emotional stress with physical-symptoms: $100,000.00], & Loss of Future Earning-Capacity/Lost Wages [*i.e.*, Damage to Professional-Reputation as a licensed attorney/lawyer: $100,000.00]), suffered by Plaintiff-Murphy and caused by Defendants, are in the sum-total amount of two-hundred thousand dollars ($200,000.00). Punitive-Damages (*e.g.*, Reprehensible, Extreme, & Outrageous Conduct/Non-economic [Specific]: [$840,004.00]), suffered by Plaintiff-Murphy and caused by Defendants, are in the sum-total amount of eight-hundred forty thousand, four-dollars and no cents ($840,004.00). Total-Damages, on this one individual-claim, suffered by Plaintiff-Murphy and caused by Defendants, are in the sum-total amount of one-million, fifty-thousand, five-dollars and no cents ($1,050,005.00).


**(Count II) (¶ 12.) B. Claim Relating to Intentional-Infliction of Emotional-Distress**
**(I.I.E.D.)-**Texas Intentional-Infliction of Emotional-Distress is, admittedly, a "gap-filler/catch-all" tort applicable only when "a defendant intentionally-inflicts severe emotional-distress in a manner so unusual that the victim has no other recognized-theory of redress." *Hoffman- -La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). The elements of the tort are: 1. The Defendant acted intentionally or recklessly; 2. the defendant's conduct was extreme and

outrageous; 3. the conduct caused the plaintiff emotional-distress; and 4. the emotional-distress was severe. *Id.* "Extreme and outrageous conduct" means conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible-bounds of decency, and to be regarded as atrocious, and utterly-intolerable in a civilized-community." *Hoffman- -La Roche*, 144 S.W.3d at 445; *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999). Conduct that does not rise to the level of conduct-actionable includes insensitive or even rude-behavior, mere-insults, indignities, threats, annoyances, petty-oppressions, or other trivialities. *GTE*, 998 S.W.2d at 612. It is for the court to determine, in the first instance, whether a defendant's conduct was extreme and outrageous. *Id.* However, when reasonable-minds may differ, it is for the jury 'o determine whether the conduct was sufficiently extreme and outrageous to result in liability. *Id.*

(¶ 13.) **1.Allegations-**Plaintiff-Murphy incorporates paragraphs 1-8 as if fully stated herein. On the evening of Sun., Dec. 9, 2018 (12-9-18) at Plaintiff's secondary-residence, 307 Garrett St, Borger, TX   79007; Plaintiff-Murphy suffered a wrongful, unauthorized Temporary-Trespass by Defendant Cable-One/Sparklight's off-duty employee, Defendant-Hernandez, & Defendant-Sisneros, who (1) entered (2) the property of Plaintiff (3) without the Plaintiff's (*i.e.*, property-owner) consent or authorization. On the evening of Sun., Dec. 9, 2018 (12-9-18) around 7 p.m., Plaintiff-Murphy, a uniformed Correctional-Officer 3 (TDCJ-COIII), saw Defendant-Hernandez' white Cable-One pickup-truck parked as usual in ʌront of Mr. Hernandez' house located at 304 Garrett St, Borger, TX   79007, across from Plaintiff's secondary-residence. Plaintiff-Murphy noticed a loud football-party across the street at 304 Garrett St., Borger, TX 79007, including a car parked on his curb. About 15 min. later, Plaintiff-Murphy saw a man urinating on the bush in his front-yard. Plaintiff-Murphy called a noise-

complaint, and the BPD arrived and asked the party-goers to move their car and keep the noise down. About two-hours later, towards the end of the game (TV-SNF), the man who lives at 302 Garrett St. marched up Plaintiff-Murphy's drive-way, presumably intoxicated, and began kicking & pounding on Plaintiff-Murphy's front-door saying, "Murphy, get your ass out here, I'm gonna kill you!" Plaintiff-Murphy frantically called 911 again, and the BPD arrived & interviewed everyone. Plaintiff-Murphy was so alarmed, because this man (Hispanic-male, 6' 200#, shaved-head, 30's) had never been a guest at Plaintiff-Murphy's secondary-residence here in Borger. Plaintiff-Murphy has previously & subsequently seen Defendant-Hernandez driving a white Cable-One pickup-truck. Defendants-Hernandez & Sisneros were trespassing on Plaintiff's driveway. Although Plaintiff-Murphy was a Texas Correctional-Officer (*i.e.*, TDCJ-COIV), who was in uniform at home; Defendant-Hernandez was not a uniformed security-officer for Defendant Cable-One/Sparklight. As Defendant Cable-One/Sparklight's apparent-agent acting, under color of authority, with Defendant Cable-One/Sparklight's company-truck & clothing, Plaintiff-Murphy respectfully submits, in his professional legal-opinion, as a factual-assertion that Defendant Cable-One/Sparklight is vicariously-liable, per the legal-doctrine o. *Respondeat Superior*, for Intentional Infliction of Emotional Distress (I.I.E.D.). Furthermore, Plaintiff-Murphy respectfully submits, in his professional legal-opinion, as factual-assertions that: 1. the Defendants acted intentionally and/or recklessly; 2. the Defendants' conduct was extreme and outrageous; 3. the conduct caused Plaintiff-Murphy emotional-distress; and 4. the emotional-distress was severe, in fact, so outrageous in character, and so extreme in degree, as to go beyond all possible-bounds of decency, and to be regarded as atrocious, and utterly-intolerable in a civilized-community. *A fortiori*, Defendant-Sisneros threatened Plaintiff-Murphy by saying, "Murphy, get your ass out here, I'm gonna kill you!"

(¶ 14.) **2. Request for Relief-**Wherefore, Plaintiff, Marcus A. Murphy, demands of Defendants, Compensatory-Relief, and any other relief the court deems appropriate, on this one individual-claim. This Civil-Complaint seeks compensation for Nominal, Incidental, Consequential, and Punitive Damages. Nominal-Damages (*e.g., Actus Reus-*the bad-act itself/ Non-economic [Specific]: [$1.00]), suffered by Plaintiff-Murphy and caused by Defendants, are in the sum-total amount of one dollar ($1.00). Incidental-Damages (*e.g.*, Related to the incident itself/Economic [General]: Past Mental-Anguish/Pain & Suffering [$10,000.00], suffered by Plaintiff-Murphy and caused by Defendants, are in the sum-total amount of ten-thousand dollars & no cents ($10,000.00). Consequential-Damages (*e.g.*, As a consequence of the bad act/Non-economic [Specific]: Future Mental-Anguish/Pain & Suffering [*i.e.*, Emotional stress with physical-symptoms: $100,000.00], & Loss of Future Earning-Capacity/Lost Wages [*i.e.*, Damage to Professional-Reputation as a licensed attorney/lawyer: $100,000.00]), suffered by Plaintiff-Murphy and caused by Defendants, are in the sum-total amount of two-hundred thousand dollars ($200,000.00). Punitive-Damages (*e.g.*, Reprehensible, Extreme, & Outrageous Conduct/Non-economic [Specific]: [$840,004.00]), suffered by Plaintiff-Murphy and caused by Defendants, are in the sum-total amount of eight-hundred forty thousand, four-dollars and no cents ($840,004.00). Total-Damages, on this one individual-claim, suffered by Plaintiff-Murphy and caused by Defendants, are in the sum-total amount of one-million, fifty-thousand, five-dollars and no cents ($1,050,005.00).

## IV. Conclusion

(¶ 15.) In conclusion, Plaintiff, Marcus A. Murphy, seeks relief for above-said claims in this matter. I, Marcus Allen Murphy, declare, under penalty of perjury, that I am the Plaintiff in this action, that I have read this Complaint, and that the information in this Complaint is true and correct. *See*, 28 USC § 1746; 18 USC § 1621. Under Federal-Rule of Civil-Procedure (FRCP) 11, by signing below, I also certify to the best of my knowledge, information, and b,lief that this Complaint: (1) is not being presented for an improper-purpose, such as to harass, cause un-necessary delay, or needlessly-increase the cost of litigation; (2) is supported by existing-law or by a non-frivolous argument for extending or modifying existing-law; (3) the factual contentions have evidentiary-support or, if specifically so identified, will likely have evidentiary-support after a reasonable-opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

Respectfully-submitted, this the 7th day of December, 2020.

Marcus A. Murphy, *Pro Se Plaintiff*

5795 Southmoor Dr Lot 53

Fountain, CO  80817

(720) 256-0991; MarcusMurphy1975@hotmail.com

## Table of Contents

**I. Introduction (¶ 1.)**

      **A.Plaintiff-Information (¶ 2.)**

      **B. Defendant-Information (¶ 3.)**

      **C. Nature of Suit (¶ 4.)**

      **D. Origin (¶ 5.)**

      **E. Cause of Action (¶ 6.)**

      **F. Requested in Complaint (¶ 7.)**


**II. Jurisdiction (¶ 8.)**


**III. Claims**

      **(Count I) (¶ 9.) A. Claim Relating to Trespassing**

            **(¶ 10.) 1.Allegations**

            **(¶ 11.) 2. Request for Relief**

      **(Count II) (¶ 12.) B. Claim Relating to Intentional-Infliction of Emotional-Distress (I.I.E.D.)**

            **(¶ 13.) 1.Allegations**

            **(¶ 14.) 2. Request for Relief**


**IV. Conclusion (¶ 15.)**

## Table of Cases, Statutes, and Other Authorities Cited

*Barnes v. Mathis*, 353 S.W.3d 760, 763 (Tex. 2011)-p. 5

*Calder v. Jones*, 465 U.S. 783 (1984)-pp. 4-5

*Envtl. Processing Sys., L.C. v. FPL Farming Ltd.*, No. 12-0905, 2015 Tex. LEXIS 113, at *10
(Tex. February 7, 2015)-p. 6

*Gilbert Wheeler, Inc. v. Enbridge Pipelines* (E. Tex.), L.P., 57 Tex. Sup. J. 1465, 2014 LEXIS
767, *11 (August 29, 2014)-pp. 6-7

*Gleason v. Taub*, 180 S.W.3d 711, 713 (Tex. App.- Fort Worth 2005, pet. denied)-p. 6

*Graham v. Pirkey*, 212 S.W.3d 507, 512 (Tex. App.- -Austin 2006, no pet.)-p. 6

*GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999)-p. 10

*Hoffman- -La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004)-p. 9

*International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945)-p. 4

*McGee v. International Life Insurance Co.*, 355 U.S. 220 (1957)-p. 4

*Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 274-75 (Tex. 2004)-p. 6

*World-Wide Volkswagen Corp. v. Woodson*, 222 U.S. 286 (1980)-p. 4

18 USC § 1621-p. 13

28 USC § 1332-pp. 1, 3-4

28 USC § 1391-p. 5

28 USC § 1746-p. 13

Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2002)-p. 6

Federal-Rule of Civil-Procedure (FRCP) 11-p. 13