IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARCUS A. MURPHY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-282-Z |
| | § | |
| ARTURO HERNANADEZ, DUSTIN | § | |
| SISNEROS, & CABLE ONE, INC., d/b/a | § | |
| SPARKLIGHT | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Cable One, Inc. d/b/a Sparklight's ("Cable One") Motion to Dismiss (ECF No. 7). Defendant also moves for sanctions under Rule 11 (ECF No. 19). After reviewing the Motions, pleadings, and applicable law, the Court **GRANTS** Defendant's Motion to Dismiss. The Court also **GRANTS** Defendant's Motion for Rule 11 Sanctions. The Court **DENIES** Plaintiff's default-related Motions (ECF Nos. 21, 22, 25, 26). Plaintiff must demonstrate good cause regarding why Defendants Sisneros and Hernandez have not been properly served by **September 1, 2021** or the Court shall dismiss those Defendants under Fed. R. Civ. P. 4(m).

BACKGROUND

The case before this Court is the third of four suits brought by Plaintiff Marcus Murphy ("Plaintiff"). *Murphy v. Amarillo Nat'l Bank*, No. 2:20-CV-048-Z, 2021 WL 40779 (N.D. Tex. Jan. 5, 2021); *Murphy v. Moore*, No. 2:20-CV-190-Z, 2021 WL 1819698 (N.D. Tex. May 6, 2021); *Murphy v. Wise*, 2:21-CV-075 (N.D. Tex. 2021). In all three suits, Plaintiff, a licensed attorney, represented himself. Here, Plaintiff sued Defendants Dustin Sisneros, Arturo Hernandez, and

Cable One for trespass and intentional infliction of emotional distress. Each claim arises from an alleged altercation between Plaintiff and individual Defendants Sisneros and Hernandez. Plaintiff sues Hernandez's employer, Cable One, under a theory of vicarious liability.

### A. Plaintiff is not entitled to leniency based on his *"pro se"* status

Plaintiff is an attorney who is proceeding *pro se* in this case. Although he is licensed to practice in Colorado, he is not licensed in Texas nor admitted to practice before this Court in the Northern District of Texas. Plaintiff argues he is entitled to leniency in his pleadings because, technically, he is a *pro se* litigant.

While *pro se* litigants are normally afforded leniency in the construction of their pleadings, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court does not need to afford leniency to licensed attorneys when they appear *pro se. Olivares v. Martin*, 555 F.2d 1192, 1194 n. 1 (5th Cir. 1977); *see also Villalobos v. United States,* CR B:12-374-1, 2018 WL 2248517, at *9 (S.D. Tex. Mar. 27, 2018). Throughout his pleadings, Plaintiff grounds his conclusions using the phrase "that in Plaintiff's professional legal-opinion, as an asserted-fact." *See, e.g.*, ECF No. 1 at 4, 8, 11. It appears that he believes that because he is a trained lawyer, his conclusions carry legal weight. So, for the third time this year, this Court will hold Plaintiff to the standard of a trained lawyer. *Amarillo Nat'l Bank*, 2021 WL 40779 at *4; *Murphy*, 2021 WL 1819698 at *1.

Even if this Court were to grant Plaintiff leniency, the result in this case stays the same. "[P]ro se litigants must still comply with the law and procedural rules." *Washington v. E. Baton Rouge Par. Sch. Sys.*, 471 F. App'x 306, 306 (5th Cir. 2012). Plaintiff's claims do not entitle him to relief — under any standard.

**B.  Plaintiff never served Defendants Sisneros or Hernandez.**

Before proceeding to the merits of Cable One's Motion, the Court notes that Plaintiff has failed to properly serve the individual Defendants. Federal Rule of Civil Procedure 4(e) governs the service of process on individuals. Plaintiff claims in his motions for entry of default and for default judgment (ECF Nos. 21, 22, 25, 26) that the individual Defendants were served in person on January 9, 2021. *E.g.*, ECF Nos. 25-26 at 6. This is a bald-faced lie as the affidavits of proof of service clearly show that both summonses were returned *unexecuted*. ECF Nos. 12, 13. Thus, no service was made pursuant to Rule 4(e)(2)(A).

Plaintiff also claims to have served the individual Defendants by certified mail. ECF Nos. 25-26 at 6. Rule 4(e)(1) allows for service of process in accordance with state law, so the Court examines Texas law to determine whether Plaintiff properly served Defendants by certified mail.

Under Texas law, a defendant may be served by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." TEX. R. CIV. P. 106(2). However, if "the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature." TEX. R. CIV. P. 107(c). Therefore, "if the return receipt is not signed by the addressee, the service of process is defective." *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet denied); *Ayika v. Sutton*, 378 Fed. App'x 432, 434 (5th Cir. 2010) (unpublished).

Neither return receipt contains the addressee's signature. ECF Nos. 14-1, 16-1. Therefore, Plaintiff's service of process was invalid under Texas law. Accordingly, the individual Defendants have never been properly served.

3

It has been well more than 90 days since this case filed. FED. R. CIV. P. 4(m). Accordingly, the Court is giving Plaintiff notice of its intent to dismiss the individual Defendants without prejudice under Rule 4(m) unless Plaintiff shows good cause for the failure to serve Defendants by **September 1, 2021**. Plaintiff is warned that a specious response to this order will be met with sanctions as Plaintiff has already lied to the Court on *four* separate occasions. *E.g.*, ECF No. 25 at 6 ("Defendant-Hernandez was *properly-served in person* on Jan, 9, 2021 (1-9-21) by Randal Hopper") (emphasis added).

## C. Plaintiff's Factual Allegations

Turning to the substance of Plaintiff's allegations, Plaintiff is a licensed lawyer who resides in Colorado but maintains a secondary residence at 307 Garrett St. Borger, Texas 79007. ECF No. 1 ¶ 10. Arturo Hernandez was an employee of Cable One at the time of the alleged incident.

On the evening of December 9, 2018, Plaintiff saw Hernandez's white Cable One pickup truck parked in front of Hernandez's house located at 304 Garrett St, Borger, TX 89007, across from Plaintiff's second residence. At around 7 p.m., Plaintiff noticed a loud party across the street in addition to a car parked in front of his house. *Id.* He filed a noise complaint, whereupon the Borger Police Department arrived at Hernandez's house and asked the party goers to move their car and keep the noise down. *Id.* After about two hours, the "man who resides at 302 Garrett St."[1] marched up Plaintiff's driveway and started kicking and pounding on Plaintiff's front door, and cried out, "Murphy, get your ass out here, I'm going to kill you!" *Id.* Again, Plaintiff called 911 and when the police arrived, they interviewed everyone. *Id.* The Complaint gives no further information.

---

[1] The Court presumes this man is Defendant Sisneros.

4

Under these facts, Plaintiff alleges that Defendant Hernandez and Sisneros should be liable for trespass and for intentional infliction of emotional distress. Additionally, Plaintiff avers that Cable One should be held vicariously liable for Defendant *Sisneros's*, — a man who *was not an employee of Cable One* — trespass and intentional infliction of emotional distress. *Id.*

## LEGAL STANDARDS

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555 (internal marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Constr. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal marks omitted).

The court "begin[s] by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). After assuming the truth of well-pleaded allegations, the court then "determine[s] whether they plausibly give rise to an entitlement of relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citation omitted). A "Plausibility"

5

requirement is not a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (internal marks omitted). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

ANALYSIS

The Court has diversity jurisdiction in this action. Each claim in Plaintiff's complaint arises under Texas state law, and so the Court applies substantive Texas law to the facts alleged in this case, under the Rule 12(b)(6) standard.

After analyzing the parties' pleadings, relevant law, and legal standards, the Court finds Plaintiff Murphy has failed to state a claim for each cause of action.

## A. Plaintiff fails to allege facts supporting the imposition of vicarious liability against Cable One

Plaintiff's claims against Cable One are based on the alleged acts of Hernandez, a Cable One employee. Under the doctrine of *respondeat superior*, or vicarious liability, an employer is vicariously liable for the torts of its employee when the employee is acting within the course and scope of employment. *Doe v. Apostolic Assembly of Faith in Christ Jesus*, 452 F. Supp. 3d 503, 517–18 (W.D. Tex. 2020) (citing *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 576 (Tex. 2002)). An act falls under the scope of employment when it (1) "falls within the scope of the employee's general authority" and was (2) committed "in furtherance of the employer's business" (3) "for the accomplishment of the object for which the employee was hired." *Id.* By contrast, "if an employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation." *Id.* "This standard often precludes vicarious

6

liability for an employee's intentional torts because such acts *are not ordinarily* within the course and scope of an employee's authority or employment." *Id.* at 494 (emphasis added).

To better understand the conclusion of this Court, sections from Plaintiff's original complaint are reproduced below:

1. On the evening of Sun., Dec. 9, 2018 (12-9-18) at Plaintiff's secondary-residence, 307 Garrett St, Borger, TX 79007; Plaintiff-Murphy suffered a wrongful, unauthorized Temporary-Trespass by Defendant Cable-One/Sparklight's off-duty employee, Defendant-Hernandez, & Defendant-Sisneros, who (1) entered (2) the property of Plaintiff (3) without the Plaintiff's (*i.e.*, property-owner) consent or authorization. On the evening of Sun., Dec. 9, 2018 (12-9-18) around 7 p.m., Plaintiff-Murphy, a uniformed Correctional-Officer 3 (TDCJ-COIII), saw Defendant-Hernandez' white Cable-One pickup-truck parked as usual in front of Mr. Hernandez' house located at 304 Garrett St, Borger, TX 79007, across from Plaintiff's secondary-residence. ECF No. 1 ¶ 10

2. Plaintiff-Murphy has previously & subsequently seen Defendant-Hernandez driving a white Cable-One pickup-truck. Defendants-Hernandez & Sisneros were trespassing on Plaintiff's driveway. Although Plaintiff-Murphy was a Texas Correctional-Officer (*i.e.*, TDCJ-COIV), who was in uniform at home; Defendant-Hernandez was not a uniformed security-officer for Defendant Cable-One/Sparklight. As Defendant Cable-One/Sparklight's apparent-agent acting, under color of authority, with Defendant Cable-One/Sparklight's company-truck & clothing, Plaintiff-Murphy respectfully submits, in his professional legal opinion, as a factual-assertion that Defendant Cable-One/Sparklight is vicariously-liable, per the legal-doctrine of Respondeat Superior. *Id.*

In the first paragraph, Plaintiff alleges that he saw a white Cable One pickup truck parked in front of Hernandez's house. In the second paragraph, Plaintiff states that he has previously seen Hernandez driving the Cable One pickup truck, and then concludes that "in his professional legal opinion" Hernandez was acting under the color of authority of Cable One because of the mere presence of the company car and clothing. Plaintiff also states that Hernandez was "not a uniformed security-officer for Defendant Cable-One," which implies Hernandez did not act within the scope of his employment.

7

Plaintiff draws attention to the Cable One truck Hernandez owned and operated in the past, but there is not *a shred of evidence* Hernandez acted within the scope of his employment on the night of the alleged incident. For this reason alone, the Court can dismiss claims against Cable One. *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006); *Moore v. Strike*, LLC, No. 04-16-00324-CV, 2017 WL 96130, at *5 (Tex. App. Jan. 11, 2017).

Here, Plaintiff attempts to support his claim of vicarious liability by stating that "in his professional legal-opinion, as a factual assertion that Defendant Cable-One/Sparklight is vicariously-liable, per the legal doctrine of *Respondeat Superior*." But conclusory allegations are no substitute for factual allegations. *See, e,g.*, *Scott v. Am. Nat'l Tr. & Inv. Mgmt. Co., LLC*, No. 5:12-CV-006-C, 2013 WL 12123836, at *2 (N.D. Tex. Jan. 15, 2013) (holding a plaintiff's mere statement that a defendant "was acting in the course and scope of his employment" insufficient.").

"When determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plaintiff has not alleged one fact that plausibly suggests that hosting a football party on a Sunday night was in furtherance of Cable One's business or to accomplish the goal for which Hernandez was hired.

Additionally, intentional torts (namely, trespass and IIED) are generally outside the scope of an employee's employment, unless those torts are "closely connected with the [employee's] authorized duties." *Doe*, 452 F.Supp.3d at 518. *Respondeat superior* requires that an intentional tort "stem[] directly from the employee's exercise (however inappropriate or excessive) of a delegated right or duty." *Id.* The hosting of a football party on a Sunday night does relate to any delegated right or duty.

## B. Allegations against Hernandez are insufficient to hold Cable One liable

*Respondeat superior* is a theory of liability that depends on the commission of a separate tort. *Painter*, 561 S.W.3d at 131; *see e.g., Pierre v. Swearingen*, 331 S.W.3d 150, 153 (Tex. App.—Dallas 2011, no pet.); *Eubank v. Dunn*, No. 19-cv-153, 2020 WL 5745832, at *2 (W.D. Tex. July 12, 2020). As established above, Plaintiff is unable to invoke *respondeat superior* because Hernandez was not acting within the scope of his employment for Cable One. But even if Hernandez was acting within the scope of his employment, Plaintiff does not allege facts that suggest that Hernandez committed a tort. Plaintiff alleges one act specific to Hernandez — hosting a "loud football-party across the street." ECF No. 1 ¶ 10. This does not support Plaintiff's trespass or IIED claims.

A claim for trespass requires Plaintiff to have alleged that (1) he owned or had a lawful right to possess the real property; (2) Hernandez entered the property, and the entry was physical, intentional, voluntary, and unauthorized; and (3) the entry caused injury to Murphy's right of possession. *Salazar v. Sanders*, 440 S.W.3d 863, 876 (Tex. App.—El Paso 2013, pet. denied). Because Plaintiff does not allege that Hernandez entered his property, a trespass claim against Hernandez fails.

For an IIED claim, Plaintiff must allege (1) Hernandez acted intentionally or recklessly; (2) Hernandez's conduct was extreme and outrageous; (3) Hernandez's actions caused Murphy emotional distress; and (4) the emotional distress was severe. *Cook v. Fidelity Invs.*, 908 F. Supp. 438, 440 (N.D. Tex. 1995). "Whether a defendant's conduct is extreme and outrageous is a question of law." *Thomas v. State*, 294 F. Supp. 3d 576, 615 (N.D. Tex. 2018). Extreme and outrageous conduct is "so extreme in degree, as to go beyond all possible bounds of decency, and

9

to be regarded as atrocious, and utterly intolerable in a civilized community." *MacArthur v. Univ. of Tex. Health Ctr. at Tyler*, 45 F.3d 890, 898 (5th Cir. 1995) (internal quotations omitted).

Plaintiff does not specifically allege that Hernandez engaged in extreme or outrageous conduct. And it is obvious that hosting a football party is not beyond all possible bounds of decency or utterly intolerable in a civilized community. A loud football party does not even *come close* to meeting this threshold.

Plaintiff's IIED claim also fails because his allegations of emotional distress are entirely conclusory. In *Larson*, the court found allegations of "mental suffering, mental anguish, mental or nervous shock . . . fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea" conclusory. *Larson v. Hyperion Int'l Techs.*, LLC, No. A-11-cv-754-LY, 2012 WL 12960648, at *3 (W.D. Tex. Jan. 20, 2012). In a case similar to this one, the court dismissed an IIED claim solely because the plaintiff did not present "necessary specific facts." *DirecTV, Inc. v. Nguyen*, No. H-03-1757, 2003 WL 27381297, at *3 (S.D. Tex. Oct. 28, 2003).

Plaintiff here alleges in his complaint that "emotional-distress was severe, in fact, so outrageous in character, and so extreme in degree, as to go beyond all possible-bounds of decency, and to be regarded as atrocious, and utterly-intolerable in a civilized community" and demands $110,000 for unidentified "Past Mental-Anguish/Pain & Suffering" and "Future Mental-Anguish Pain & Suffering." ECF No. 1 ¶ 10. Because his allegations of emotional distress are entirely conclusory and demand for damages unspecified, Plaintiff's claim fails.

### C. Allegations against Sisneros are insufficient to hold Cable One liable

It bears repeating that the individual whose alleged conduct gives rise to Plaintiff's claims is Sisneros, and not Hernandez. Allegedly, Sisneros "marched up Plaintiff-Murphy's drive-way,

presumably intoxicated, and began kicking & pounding on Plaintiff-Murphy's front door" and said "'Murphy, get your ass out here, I'm gonna kill you!'" *Id.* Plaintiff cannot allege a viable claim against Cable One under the theory of *respondeat superior* for the actions taken by Sisneros, *a non-employee*. Still, the facts Plaintiff alleges against Sisneros do not plausibly support a claim for trespass or IIED.

For an IIED claim, Plaintiff himself has claimed that "'[c]onduct that does not rise to the level of conduct actionable includes insensitive or even rude-behavior, mere-insults, indignities, threats, annoyances, petty-oppressions, or other trivialities.'" *Id.* ¶ 12 (citing *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999)). He correctly states Texas law. *Payne v. Baker*, No. 4:14-cv-473-A, 2014 WL 5581314, at *4 (N.D. Tex. Nov. 3, 2014) ("Conduct that is insensitive or rude, or that is comprised of 'mere insults, indignities, threats, annoyances, petty oppressions, and other trivialities' is not considered extreme and outrageous.'") (quoting *GTE*, 998 S.W.2d at 612). "The cause of action does not protect against mere insults, indignities, and *threats*." *MacArthur*, 45 F.3d at 898. (emphasis added). Here, Plaintiff's IIED claim fails because it is based on a mere threat — "Murphy, get your ass out here, I'm gonna kill you!" ECF No. 1 ¶ 10. And, as explained above, his claim fails because his allegations of emotional distress are conclusory and requests for damages are unspecified.

As to the trespass claim against Sisneros, "[t]o recover damages for trespass to real property, a plaintiff must prove that (1) the plaintiff owns or has a lawful right to possess real property, (2) the defendant entered the plaintiff's land and the entry was physical, intentional, and voluntary, and (3) the defendant's trespass caused injury to the plaintiff." *Russell v. Coward*, 2014 WL 5093990, at *2 (Tex.App.—Waco 2014, no pet.) (quoting *Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex.App.—Fort Worth 2006, pet. denied)).

11

Several courts in this state have recognized that "anyone . . . has the right to approach the front door of a resident and knock on the door." *Rothstein v. State*, 267 S.W.3d 366, 374 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd); *see also Orosco v. State*, 304 S.W.3d 65, 72 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("'[A]ny common citizen, has the right to approach the front door of a residence and knock, as long as there are no express orders forbidding trespass.")

Even if Plaintiff has a lawful right to possess the property at 307 Garrett St, Borger, TX 79007, and even if Sisneros entered Plaintiff's land physically, intentionally, and voluntarily, Plaintiff's trespass claim nevertheless fails because he does not allege that Sisneros caused any damage to Plaintiff's property. "To recover damages for trespass to real property, a plaintiff must prove that (1) the plaintiff owns or has a lawful right to possess real property, (2) the defendant entered the plaintiff's land, and the entry was physical, intentional, and voluntary, and (3) the defendant's trespass caused injury to the plaintiff." *Russell v. Coward*, 2014 WL 5093990, at *2 (Tex.App.—Waco 2014, no pet.) (quoting *Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex.App.— Fort Worth 2006, pet. denied)). And in the two million plus dollar damage amount he requests; he does not request money for repairs to the front door. Accordingly, this Court finds that Sisneros is not liable for trespass.

### RULE 11 SANCTIONS

Having dismissed every one of Plaintiff's claims, the Court turns now to the motion for sanctions under Rule 11 (ECF No. 19) filed by Cable One. The motion was served and filed in accordance with Rule 11 and this Court's Notice and Order Setting Deadlines.

The Court struggles to find the words to describe Plaintiff's response to Cable One's (ECF No. 23) motion for sanctions. If not already made clear by his actions in this and other cases, Plaintiff is unprofessional, and he files pleadings in bad faith. This Court has recognized before

that "Plaintiff's frivolous filings in [Moore] are part of a larger pattern of frivolous filings in this Court." *Murphy*, 2021 WL 1819698 at \*15.

In his response, Plaintiff begins with an introduction that drags Cable One's integrity through the mud: "The glaring illogical-problem with a sophisticated Austin law-firm catapulting a Rule-11 sanctions-motion against an out-of-State *Pro-Bono* lawyer, as some sort of excuse for overzealous due-diligence on behalf of a sophisticated, multi-State cable-company … is that Defendant Cable-One/Sparklight did not arrange for either their own-employee or Defendant-Sisneros to have legal-representation, effectively throwing them under the bus." ECF No. 23 ¶ 1. In the same response, Plaintiff praises himself for what he considers a successful congressional run: "If *Pro-Se* Plaintiff-Murphy were a layman, then he would say, "In His Humble-Opinion (*i.e.*, IMHO)", but of course, *Pro-Se* Plaintiff-Murphy is not a layman, any more than he is an *unsuccessful* State-legislature candidate, *Pro-Se* Plaintiff-Murphy is a *successful* Congressional-Candidate (*i.e.*, CO-5), who recently-obtained 3,701-votes (*i.e.*, 0.9%) and started his own, on-ballot political-party (*i.e.*, the No-Labels Party)." *Id.*

Continuing his response, Plaintiff declares, "Defendant Cable-One/Sparklight's counsel seeks to obtain a Pre-Answer Judgment with Prejudice before Discovery, and more importantly, before the new U.S. Attorney for the Biden-Administration will have the opportunity to review the filing for possible criminal-charges against Defendants Hernandez & Sisneros!" *Id.*

This Court concludes that Plaintiff has waived his chance to respond to the Motions and does not raise any legitimate argument in any pleading that would support a decision against sanctions.

## A. Legal Standards

A court may impose sanctions on a party, an attorney, or a law firm that presents a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. FED. R. CIV. P. 11(b)(1), (c)(1). A court may also impose sanctions on a party, an attorney, or a law firm for presenting a pleading that includes (1) claims, defenses, or other legal contentions not warranted by existing law or by a good-faith argument for extending, modifying, or reversing existing law or for establishing new law, (2) factual contentions that do not have, or are unlikely to have, evidentiary support after a reasonable opportunity for further investigation or discovery, or (3) denials of factual contentions unwarranted by the evidence. *Id.* (b)(2) – (4), (c)(1). A court may also impose any sanction necessary to "deter repetition of the conduct or comparable conducts by others similarly situation." *Id.* 11(c)(4). This may include all reasonable attorney fees and other expenses directly resulting from the violation. *Id.*

## B. Analysis

### 1. *Plaintiff's claims against Cable One, Hernandez, and Sisneros are not warranted by existing law*

As explained above in this Court's decision to dismiss Plaintiff's claims, Plaintiff does not allege facts the give rise to the elements of the torts of trespass and IIED against Hernandez and Sisneros. For this reason alone, Plaintiff's claims against all named defendants are not warranted by existing law. As to Plaintiff's claims against Cable One, Plaintiff seeks to apply vicarious liability for the alleged torts of Sisneros, *who does not, and has never*, worked for Cable One. Plaintiff's reasoning is as follows: because Sisneros attended a football party at Hernandez's house, and because Hernandez is employed by Cable One, and because Hernandez's Cable One truck was parked in front of Hernandez's house, Cable One should be vicariously liable for the

14

acts of Sisneros, a guest at a Cable One employee's football party. It is a basic principle that an employer can only be held liable for its employee's acts that are within the course and scope of the employment. *Painter v. Amerimix Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018). Plaintiff should have known this as a licensed attorney with a self-proclaimed "professional legal-opinion."

Additionally, Plaintiff's vicarious liability claims are not warranted by a good faith argument for "extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2). If this Court were to impose liability on Cable One for the off-duty actions of *non*-employees, it would allow litigants to file claims against companies for acts wholly outside of the company's control. Such a decision would undermine intent of vicarious liability, which is to limit the liability of an employer to conduct related to employment. It is plainly clear that Cable One should never have been included in this lawsuit.

And again, the remaining claims against Hernandez and Sisneros are also not warranted by existing law. A claim for IIED must allege that (1) Defendant acted intentionally or recklessly; (2) Defendant's conduct was extreme and outrageous; (3) Defendant's actions caused Murphy emotional distress; and (4) the emotional distress was severe. To be extreme and outrageous, conduct must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *MacArthur*, 45 F.3d at 898. Additionally, "[c]onduct that does not rise to the level of conduct actionable includes insensitive or even rude-behavior, mere-insults, indignities, threats, annoyances, petty-oppressions, or other trivialities." *GTE Sw., Inc.*, 998 S.W.2d at 612. With regard to Hernandez, hosting a loud football party is not so extreme as to go beyond all bounds of decency. And regarding Sisneros, the statement "Murphy, get your ass out here, I'm gonna kill you" was a mere threat, and therefore does not go beyond all possible bounds of decency.

15

A claim for trespass requires Plaintiff to allege that (1) he owned or had a lawful right to possess the real property; (2) Defendant entered the property, and the entry was physical, intentional, voluntary, and unauthorized; and (3) the entry caused injury to Plaintiff's right of possession. *Salazar*, 440 S.W.3d at 876. Hernandez did not enter Plaintiff's property, and so, Plaintiff's claim against Hernandez for trespass is unfounded. Sisneros voluntarily entered Plaintiff's property; but because Plaintiff did not suffer any injury to his right of possession, as made clear by his request for damages, Sisneros cannot be held liable for trespass.

2. *Plaintiff's claims will not have evidentiary support upon further investigation*

The factual contentions in Plaintiff's pleadings must "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" FED. R. CIV. P. 11(b)(3).

Plaintiff's complaint fails to allege any facts that, after a reasonable opportunity for further investigation, would hold Cable One liable under vicarious liability for Hernandez's off-duty actions. This is because Plaintiff does not establish a connection between the occurrence on December 9, 2018 and Cable One, or Hernandez's employment with Cable One. In a response, Plaintiff claims that he will prove to the fact finder in discovery, that "Defendant Cable-One/Sparklight requires its service-technicians, as a matter of employee-policy, to *always* be on-call (*i.e.*, 24/7: 24-hours per day, 7-days per week) and to take their work-trucks home for *continuous*-use . . . Defendant-Hernandez was required to park his company-truck at home, for constant-availability. *Pro-Se* Plaintiff-Murphy will prove to the Fact-Finder in Discovery, if ever granted, that Defendant-Hernandez exercised his *duty* to take the work-truck home." ECF No. 23 ¶ 1. Even if Plaintiff is somehow able to establish that Hernandez was on-call the night of the

16

incident, because it is against *Sisneros* that Plaintiff alleges acts "supporting" claims for trespass and IIED, Cable One cannot be held liable for the actions of a non-employee.

In his complaint, Plaintiff fails to allege facts that would establish that Sisneros caused damage to Plaintiff's property when he knocked on his front door. Nor does the complaint allege any damages specific to Sisneros's alleged trespass. Plaintiff also fails to identify conduct that could form the basis of an IIED claims against Hernandez and Sisneros. And Plaintiff fails to identify any factual support to establish conduct that could have caused Plaintiff severe emotional distress.

Well over two years have passed since the incident that gives rise to this claim, and during that period, Plaintiff has not identified any additional evidence that would support his claims. Given that Plaintiff was provided with ample time to amend his complaint with valid factual allegations, this Court finds that further investigation will not change the complete lack of factual and evidentiary support.

### 3.  *Plaintiff's complaint was filed to harass Defendants.*

"Repeatedly asserting the same factual claims and arguments, in spite of the entry of multiple adverse decisions, is harassment and a gross abuse of the judicial process." *Allen v. Travis*, No. 3:06-CV-1361, 2007 WL 1989592, at *4 (N.D. Tex. July 10, 2007). The frivolous nature of Plaintiff's pleadings — in this case and the several others dismissed by this Court — leads the Court to conclude, once again, that Plaintiff's complaint was filed to harass Defendants.

Listed below is a selection of statements from Plaintiff's pleadings that are unprofessional and show his purpose in filing this suit was to harass Hernandez, Sisneros, and Cable One:

- The glaring illogical-problem with a sophisticated Austin law-firm catapulting a Rule-11 sanctions-motion against an out-of-State *Pro-Bono* lawyer, as some sort of excuse for overzealous due-diligence on behalf of a sophisticated, multi-State cable-company … is that Defendant Cable-One/Sparklight did not arrange

       for either their own-employee or Defendant-Sisneros to have legal-representation, effectively throwing them under the bus. ECF No. 23 ¶ 1.

■ Most importantly, Defendant Cable-One/Sparklight concedes absolutely-nothing about their mysterious-employee named Arturo Hernandez, such as his Employment-Records or Employee-Timesheets. Defendant Cable-One/Sparklight offers the court no conceded-facts, such as employment of Defendant-Hernandez, but does offer the court the insincere implication that Defendant-Hernandez is an Imposter! ECF No. 26 ¶ 4.

■ Defendant Cable-One/Sparklight's counsel seeks to obtain a Pre-Answer Judgment with Prejudice before Discovery, and more importantly, before the new U.S. Attorney for the Biden-Administration will have the opportunity to review the filings for possible criminal-charges against Defendants Hernandez & Sisneros! *Id.*

■ If Pro-Se Plaintiff-Murphy were a layman, then he would say, "In His Humble-Opinion (i.e., IMHO)", but of course, Pro-Se Plaintiff-Murphy is not a layman, any more than he is an unsuccessful State legislature candidate, Pro-Se Plaintiff-Murphy is a successful Congressional-Candidate (i.e., CO-5), who recently-obtained 3,701-votes (i.e., 0.9%) and started his own, on-ballot political-party (i.e., the No-Labels Party). *Id.*

For the second time, Plaintiff has wasted a defendant's time and money and this Court's resources by filing a claim in violation of Rule 11. The Court thus imposes sanctions to deter further sanctionable filings and orders Plaintiff to recompense Defendant's fees and costs expended in response to Plaintiff's complaint. *See* FED. R. CIV. P. 11(c)(4) ("The sanction may include . . . if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.").

CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED**. Plaintiff's claims against Cable One are **DISMISSED WITH PREJUDICE** for failure to state a claim. Furthermore, the Court **GRANTS** Defendant's Motion for Sanctions (ECF No. 19). Defendant Cable One is hereby **ORDERED** to submit an application

18

for attorney fees and costs. *See Yellow City Remodeling, LLC v. Yellow City Construction, LLC*, 2:20-CV-178-Z, 2020 WL 9211188, at *4–6 (N.D. Tex. Oct. 6, 2020) (explaining how applications for attorney fees are adequately supported). The application is due **September 1, 2021**. Additionally, Plaintiff must demonstrate good cause regarding why Defendants Sisneros and Hernandez have not been properly served by **September 1, 2021** or the Court shall dismiss those Defendants under Fed. R. Civ. P. 4(m).

Plaintiff's conduct, both in the courthouse and out,[2] is unbecoming of a member of the legal profession. In addition to monetary sanctions, the Court will report Plaintiff's conduct to the Office of Attorney Regulation Counsel for violation of the Colorado Supreme Court's Rules of Professional Conduct. *See, e.g.*, Rule 3.3(a)(1) ("A lawyer shall not knowingly make a false statement of material fact.").

**SO ORDERED.**

August 24, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff routinely disparages opposing parties on social media and also publicly posts threatening messages directed at the Court.